DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2011-0111 |
| **PAUL SCHUSTER, a/k/a Paul C. Schuster,** | ) |
| **Defendant.** | ) |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
  *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendant Paul Schuster a/k/a Paul C. Schuster ("Schuster"). (Dkt. No. 9). For the reasons discussed below, the Court will grant Plaintiff's Motion.

## BACKGROUND

On December 27, 2011, Flagstar filed a Complaint against Schuster, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserts that Schuster defaulted on a Promissory Note and First Priority Mortgage regarding certain property ("the Property") described as:

> Plot No. 11-S Estate Rattan, Queen Quarter, St. Croix U.S. Virgin Islands, consisting of 0.25 US acre, more or less, as more fully shown on OLG Drawing No. 3082-A dated October 31, 1975 and revised April 30, 1996.

*Id.* ¶ 5. The Complaint alleges that, on March 15, 2010, Schuster executed and delivered to Flagstar a promissory note (the "Note"), obligating him to pay the principal amount of $215,536.00, together with interest at a rate of 5.500% per annum, in consecutive monthly installments of $1,223.79 beginning May 1, 2010. *Id.* ¶¶ 6-7. To secure payment on the Note, Schuster granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated March 15, 2010 over the Property (the "Mortgage"), which provided that Schuster shall pay to Flagstar the payments due under the Note. *Id.* ¶¶ 8-9.

The Complaint further alleges that, on or about August 1, 2011, Schuster defaulted under the terms and conditions of the Note and Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Schuster by correspondence dated September 30, 2011, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default has not been cured. *Id.* ¶¶ 10-13. On December 2, 2011, MERS assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 16.

Flagstar now seeks foreclosure of the Property and all sums due under the Mortgage and Note from Schuster. *Id*. ¶¶ 19-23. As to the debt cause of action, the Complaint provides that Schuster owes Flagstar the principal sum of $211,746.56; accrued interest from July 1, 2011 to November 8, 2011 of $4,105.35; late charges in the amount of $373.45; accumulated NSF fees in the amount of $12.00; and a total amount due of $216,237.36. *Id.* ¶ 19. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other

expenses it incurs to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 21, 22.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Schuster is in default under the terms and conditions of the Note and Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Schuster. *Id.* ¶¶ 25-27.

Schuster was personally served with a copy of the Summons and Complaint on January 16, 2012. (Dkt. Nos. 5, 5-1). He has neither answered the Complaint nor appeared in this action. On May 17, 2012, Flagstar filed an application for Entry of Default against Schuster. (Dkt. No. 6). The Clerk of Court entered default against Schuster on July 12, 2012. (Dkt. No. 8).

On October 5, 2012, Flagstar filed the instant Motion for Default Judgment (the "Motion") (Dkt. No. 9), along with three supplemental documents: a Declaration of Counsel in Support of Motion for Default Judgment (Dkt. No. 10); a Declaration of Counsel in Support of Costs and Attorney's Fees (Dkt. No. 11); and an Affidavit of Indebtedness (Dkt. No. 12).

In the Affidavit of Indebtedness, signed by Andrea Bilek, a Flagstar Foreclosure Analyst, Flagstar set forth the amounts due and owing through August 31, 2012: $211,746.56 in unpaid principal balance; interest from July 1, 2011 to August 31, 2012 of $13,573.71; escrow advances of $1,962.15; late charges of $1,022.45; NSF charges of $12.00; and recoverable corporate balance of $1,525.75; and a total amount due of $229,842.62. (Dkt. No. 12, ¶ 10). Ms. Bilek asserts that interest accrues at the per diem rate of $31.91. *Id.* ¶ 11.

In the Declaration of Counsel in Support of the Motion, A. Jennings Stone, Esq. averred that his office investigated whether Schuster was in the military service by conducting a search

on the Department of Defense Manpower Data Center website on October 5, 2012. Based on that search, he determined that Schuster was not in the military service as defined in the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 521. (Dkt. No. 10, ¶¶ 3-6; Dkt. No. 10-1). Mr. Stone further declared that "upon information and belief after reasonable inquiry, I am informed and do believe that Schuster is neither a minor nor incompetent." *Id.* ¶ 7.

Attorney Stone also submitted a Declaration in support of costs and attorney's fees which provided an accounting of professional services incurred in this matter, totaling $2,715.75. (Dkt. No. 11).

On March 15, 2013, the Court ordered Flagstar to submit a supplemental affidavit explaining: (1) the computation of late charges; (2) the relationship between the $373.45 in late charges alleged in the Complaint and the $1,022.45 in late charges sought in the Affidavit of Indebtedness; and (3) the $1,962.15 in escrow advances. (Dkt. No. 13). The Court also ordered Flagstar to bring all amounts current as of the date of filing the supplemental affidavit. *Id.* In response to the Order, on May 22, 2013, Flagstar filed a Memorandum in Support of the Motion for Default Judgment (Dkt. No. 20), a Response to Court Order of March 15, 2013 (Dkt. No. 21), and an Amended Affidavit of Indebtedness (Dkt. No. 22).

In its Memorandum, Flagstar argues that the procedural elements for default judgment have been satisfied because Schuster was properly served with copies of the Summons and Complaint; the Clerk entered default against him; and he is not an infant, an incompetent person, nor in the military service. (Dkt. No. 20 at 5). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Schuster executed the Note and Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage; Schuster defaulted under the terms of the Note;

4

Flagstar gave Schuster proper notice of the default; and Flagstar elected to accelerate the amounts due and owing upon default and to foreclose on the Property. *Id.* at 6. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6-9.

In the "Response to Court Order of March 15, 2013," Flagstar explains how it calculated late fees, the difference between the amount of late fees alleged in the Complaint and sought in its Motion for Default Judgment. (Dkt. No. 21 ¶ 3). Flagstar nonetheless elects to "waive its entitlement to late fees in this matter[.]" *Id.* Flagstar also states that it is withdrawing its filings in support of its recovery for legal costs and attorney's fees, and will file a separate motion after entry of Judgment. *Id.* ¶ 5.

The Amended Affidavit of Indebtedness, signed by Flagstar Foreclosure Analyst Andrea Bilek, explains how the Bank's document management system keeps track of and maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 22 ¶¶ 3-8). The Affidavit updates the amounts due and owing Flagstar through March 25, 2013, as follows: $211,746.56 in unpaid principal balance; interest of $20,175.77 from July 1, 2011 through March 25, 2013; escrow advances representing property tax payments and hazard insurance totaling $2,126.97; and a combined total of $234,049.30. *Id.* ¶ 10. The Affidavit adds $281.50 for inspections and other property preservation fees, and arrives at a total amount due and owing through March 25, 2013 of $234,330.80—with interest accruing at the rate of $31.91 per day until the entry of Judgment. *Id.* ¶¶ 12-14.

The Court finds that the Amended Affidavit of Indebtedness satisfies the Court's March 15, 2013 Order by explaining how the late fees were calculated; the difference between late fees indicated in the Complaint and the Motion for Default Judgment; and the charges included in the

escrow advances. The Court notes and accepts, however, that Flagstar has opted to waive the late fees.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against Schuster. It has properly shown that: (1) default was entered against Schuster by the Clerk of the Court (Dkt. No. 8); (2) Schuster has not appeared; (3) Schuster is neither an infant nor an incompetent person (Dkt. No. 10, ¶ 7); and (4) Schuster was validly served with process (Dkt. No. 5). In addition, Flagstar provided a copy of a Military Status Report that searched the Department of Defense Manpower Data Center showing that Schuster is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. Nos. 10-1, 22-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 22). Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Schuster's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant Schuster's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

Accordingly, the Court will grant Flagstar's Motion for Default Judgment.

## **CONCLUSION**

Flagstar has satisfied the requirements necessary for entry of a default judgment against Schuster. Accordingly, Plaintiff's Motion for Default Judgment will be granted. (Dkt. No. 9).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 3, 2013                                       _____/s/_____
                                                                      WILMA A. LEWIS
                                                                      District Judge